[Civ. No. 45181. First Dist., Div. Two. Nov. 6, 1979.]

JEAN N. BROWN, Plaintiff and Respondent, v.
PATRICK JOSEPH NOLAN, Defendant and Appellant.

COUNSEL

Eliassen, Postel & Mee and Daniel S. Belsky for Defendant and Appellant.

Martin Titcomb and Edward Baskauskas for Plaintiff and Respondent.

OPINION

TAYLOR, P. J.—On this appeal from an order determining costs we are called upon to decide whether Code of Civil Procedure section 998 applies to an offer to compromise made jointly by two defendants to one plaintiff, and if so, whether plaintiff may recover her preoffer costs. We answer both questions in the affirmative.

Plaintiff Jean N. Brown and another, whose case was settled pretrial, filed a complaint against defendants Vivienne Orgel and Patrick Joseph Nolan for personal injuries arising out of an automobile accident. Plaintiff's suit was on a theory of joint and several liability for damages resulting from defendants' negligent operation of their vehicles. On May 20, 1977, defendants filed an "OFFER TO COMPROMISE [under] CCP Section 998," offering to allow judgment to be "taken against them" in favor of plaintiff for the sum of $12,500, said sum to include

costs. On May 24, plaintiff filed an "OFFER TO COMPROMISE [under] CCP § 998," offering to allow judgment to be filed in her favor "against defendants" in the sum of $19,999, including costs. Neither offer was accepted.

A jury found that both defendants had been negligent but that only defendant Nolan's negligence was a proximate cause of plaintiff's injury; it fixed damages at $3,000.

On November 16, 1977, the trial court signed an order which (1) awarded plaintiff costs against defendant Nolan; (2) awarded defendant Orgel costs against plaintiff; and (3) provided that defendant Nolan not recover any costs.[1] Defendant Nolan appealed from portions (1) and (3) of the order.[2]

*Was defendants' offer a statutory offer of compromise within the provisions of Code of Civil Procedure section 998?*

Generally costs in the superior court are allowed as a matter of course upon judgment in favor of plaintiff in an action for recovery of money or damages. (Code Civ. Proc., § 1032, subd. (a).) Where there are several defendants not united in interest who make separate defenses by separate answers, if plaintiff fails to recover from all of them, the court must award costs to such of them as have judgment in their favor. (§ 1032, subd. (b).) If the plaintiff recovers a judgment that could have been rendered in a lower court, he or she shall not recover costs unless the trial court in its discretion makes an order allowing them. (§ 1032, subd. (d).)

If these rules are applicable, the order of the trial court granting plaintiff costs against defendant Nolan was discretionary since she had received judgment in her favor but in an amount which could have been rendered in a lower court. (§ 1032, subds. (a), (d), *supra.*) However,

---

[1]The order read in relevant part: "(1) Plaintiff to be awarded costs as set forth in the cost bill heretofore filed against Defendant Nolan only; (2) Defendant Vivienne Orgel is to recover costs against Plaintiff as set forth in Defendant Orgel's cost bill, and Defendant Orgel is herewith granted a lien on the judgment obtained by Plaintiff from Defendant Nolan; (3) Defendant Nolan is not to recover any costs."

[2]After judgment in the trial court an order determining costs is an appealable order. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 83, p. 4094.)

section 998 provides that the costs allowed under section 1032 "shall be withheld or augmented" in certain specified circumstances, to wit:

"
.    .    .    .    .    .    .    .    .    .    .    .    .    .

"(b)   Not less than 10 days prior to commencement of the trial ...*any party may serve an offer in writing upon any other party to the action* to allow judgment to be taken in accordance with the terms and conditions stated at that time. .·. . [Italics added.]

"(c)   *If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer.* In addition... the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint. . . . [Italics added.]"

The purpose of this section is to encourage the settlement of litigation without trial. (*Distefano* v. *Hall* (1968) 263 Cal.App.2d 380, 385 [69 Cal.Rptr. 691].) Its effect is to punish the plaintiff who fails to accept a reasonable offer from a defendant.

The trial court applied section 1032, rather than section 998, because it was of the opinion that joint offers by more than one defendant are not contemplated by the latter. We hold that the offer in this case came within the provisions of section 998 and that the trial court erred in ruling otherwise.

Only two published decisions have discussed section 998 in the context of multiple party actions. As argued by defendant, both involved multiple plaintiffs and are inapposite for that reason. Since plaintiff asserts that they are applicable, we discuss them briefly. In *Randles* v. *Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321], three plaintiffs (a mother, father and child) sought damages arising out of an automobile accident. Prior to trial defendant made an offer to compromise by permitting plaintiffs to take judgment against him for the sum of $2,300, each party to bear costs. The offer did not designate the amount offered to each plaintiff, and none accepted. (*Id.,* at p. 70.) The jury returned verdicts in favor of plaintiff mother for $1,800, in favor of plaintiff

child for $40, and in favor of defendant and against the plaintiff father. (*Id.*)

The trial court applied Code of Civil Procedure section 997 (now essentially reenacted as § 998) and found that the successful plaintiffs were not entitled to recover costs because they had not received a judgment more favorable than the compromise offer. The Court of Appeal reversed the judgment regarding costs, holding that section 997 could not apply "because the offer of compromise was a nullity. The offer was made jointly to all plaintiffs, without designating how it should be divided between [*sic*] them. It is therefore impossible to say that any one plaintiff received a less favorable result than he would have under the offer of compromise." (*Id.,* at p. 74.)

In *Hutchins v. Waters* (1975) 51 Cal.App.3d 69 [123 Cal.Rptr. 819], a single defendant made an offer of compromise under section 998 to two plaintiffs for an aggregate sum with the apportionment between them given, but with the proviso that the offer had to be accepted by both plaintiffs; neither accepted. One plaintiff, who had been offered $2,300, received a verdict of $750. His coplaintiff had been offered $6,000. The trial court denied the first plaintiff his costs and awarded defendant costs under section 998. The Court of Appeal reversed this order reasoning that because the section establishes a previously nonexistent liability (for costs against a prevailing party), it must be strictly construed in favor of plaintiffs. By its terms the statute does not contemplate a conditional settlement offer made by a defendant to each of two plaintiffs but to become effective only if accepted by both. "Instead, its benefits purport to apply where there is served an *unconditional* 'offer in writing upon *any other party to the action*' . . . or to *each* of several other parties to the action." (*Id.,* at p. 73, all italics by *Hutchins* court.) The court concluded that to hold otherwise would be to rewrite the statute.

The case at bench is readily distinguishable on its facts from *Randles* and *Hutchins,* as argued by defendant herein: Because there is only one plaintiff with a single indivisible injury there is no need to designate what proportion of the offer is directed to her as required by *Randles,* and there is no possible way for defendants to impose a condition rendering each plaintiff's acceptance of the offer contingent on the acceptance of all other plaintiffs.

The parties to this appeal agree that in this action a single plaintiff sued two defendants on a theory of joint and several liability.[3] "Contributory wrongdoers, whether joint tortfeasors or concurrent or successive tortfeasors, are ordinarily jointly and severally liable for the entire damage. [Citations.] [¶]Hence, when they are joined in an action it is improper to apportion compensatory damages among them; judgment for the full amount should be rendered against each." (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 35, p. 2333.) When the facts of this case are viewed within the context of these general principles it becomes clear that the offer in issue was one contemplated by section 998.

Plaintiff's argument that if section 998 is strictly construed it cannot be read as providing for joint offers because it speaks in the singular ("any *party* may serve an offer.... If an offer made by *a* defendant.... [Italics added.].") is not persuasive. Where, as here, defendants are sued upon a theory of joint and several liability, each is potentially liable for the full amount of any judgment.[4] Therefore, the offer of compromise in question is properly read as an offer by *each* defendant to plaintiff that judgment in the amount of $12,500 may be taken against *each one* of them, jointly and severally. Thus, the statute's speaking in the singular makes perfect sense when it is applied to defendants sued on such a theory. The trial court erred in holding that section 998 was inapplicable.

*Does section 998 bar plaintiff from recovering her preoffer costs?*

Section 998, subdivision (c), provides in part, "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, *the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer.*" (Italics added.)

Plaintiff claims she may properly recover her preoffer costs. We agree. Defendant reads the statute as saying that the plaintiff "shall not

---

[3]Insofar as the facts can be gleaned from the argument of counsel, it appears that plaintiff's car was struck from behind by Orgel's car but this blow was inconsequential. The damage was done by defendant Nolan's vehicle. Technically defendants were not joint tortfeasors, but were concurrent or successive tortfeasors. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 34, p. 2332.)

[4]See *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], reaffirming the joint and several liability doctrine after adoption of comparative negligence.

recover his costs [before or after the offer] and shall pay the defendant's costs from the time of the offer;" whereas plaintiff reads it as stating that the plaintiff "shall not recover his costs [from the time of the offer] and shall pay the defendant's costs from the time of the offer." Plaintiff relies on two decisions which construed almost identical language in former section 997, and which we find persuasive.

Section 997 provided that "...if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer." In *Douthitt v. Finch* (1890) 84 Cal. 214 [24 P. 929], the Supreme Court affirmed the trial court's award to plaintiff of preoffer costs, stating that "this construction accords with the general understanding of the profession, and with the practice in the superior courts...." (*Id.,* at p. 215.) The same language was given the same interpretation in *Bennett v. Brown* (1963) 212 Cal.App.2d 685 [28 Cal.Rptr. 485], wherein the court stated that this construction was in conformity with the legislative intent "to give a defendant the right to offer to allow judgment to be taken against him for a specified amount and to provide that if the plaintiff did not accept said offer he could not recover any costs incurred after the date of the offer if he failed 'to obtain a more favorable judgment.'" (*Id.,* at p. 688.)[5]

In conclusion, Code of Civil Procedure section 998 applies to a joint offer to a plaintiff by defendants who are sued on a theory of joint and several liability; and it does not bar recovery by the plaintiff of preoffer costs.

The order determining costs is reversed, and the cause remanded to the trial court for further proceedings in accordance with the views expressed herein.

Rouse, J., and Miller, J., concurred.

---

[5]Defendant cites no authority to the contrary except this statement in *Pomeroy v. Zion* (1971) 19 Cal.App.3d 473 [96 Cal.Rptr. 822]: "The trial judge was obliged to deny plaintiff's costs, because section 998 says he *cannot* recover costs unless the judgment be more favorable than the offer." (*Id.,* at p. 476, original italics.) The precise issue under consideration in the case at bench was not before the court in *Pomeroy;* and, in any event, the court there was construing section 998 as enacted in 1969. (Stats. 1969, ch. 570, § 1, p. 1200.) The statute has since been repealed and reenacted in its present, and substantially different, form. (Stats. 1971, ch. 1679, § 3, p. 3605, amended by Stats. 1977, ch. 458, § 1, p. 1513.)