[Civ. No. 23777.   First Dist., Div. Two.   June 24, 1968.]

PASCAL DISTEFANO, Plaintiff and Appellant, v. CHARLES W. HALL et al., Defendants and Appellants.

Vogel, Martin, Schwartz, Tunney & Jacobs and Bernard J. Vogel, Jr., for Plaintiff and Appellant.

Harold R. Farrow and Barton, Farrow & Barton for Defendants and Appellants.

TAYLOR, J.—These cross-appeals follow the second full trial of the matter after the opinion of this court (Division One) in *Distefano* v. *Hall*, 218 Cal.App.2d 657 [32 Cal.Rptr. 770]. Defendants,[1] Charles W. Hall and Dorothea Fabian, appeal[2] from that portion of a judgment entered on a jury

---

[1] Carl and Winifred Dozier, also named as defendants in the original action, successfully defended on the grounds of a release from the plaintiff at the first trial, and on the prior appeal argued that they had been erroneously denied attorneys' fees. This court held, at pages 680-681, that no judgment was ever entered against them, that their appeal was premature and specifically directed retrial only against the Halls who are, therefore, hereafter designated as defendants herein. After the completion of the jury's portion of the second trial, the court took evidence concerning the reasonable value of attorneys' fees and made an award of $2,000 fees and costs as to the Doziers. No appeal has been taken from that judgment, now final.

[2] The parties' ancillary motions relating to costs were not determined until November 17, 1964, and the orders relating thereto are separately appealable as special orders after final judgment (3 Witkin, Cal. Procedure (1954) Judgment, § 38, p. 1920).

verdict in favor of plaintiff, P. Distefano, awarding him $5,000 attorneys' fees and from two subsequent orders granting plaintiff's motion to tax costs and denying defendants' motion to tax the costs. Plaintiff cross-appeals from the order denying his motion for a new trial and from the portion of the judgment that fails to provide for interest before the entry of judgment.

Defendants contend that the trial court erred in: 1) awarding costs to plaintiff, as both of their offers of compromise should be considered in construing section 997 of the Code of Civil Procedure; and 2) awarding attorneys' fees to plaintiff instead of to them, as they were the successful party pursuant to section 21 of the agreement. Plaintiff contends that the trial court erred in failing to award him interest prior to the judgment, as the amounts due to him from defendants were ascertainable within the meaning of section 3287 of the Civil Code.

For the issues raised on this appeal, the following facts as set forth in the agreed statement of the parties are pertinent: In March 1958, plaintiff, as contractor, and defendants, as owners, entered into a written agreement for the construction of a 22-unit apartment house in Santa Clara. The agreement provided that plaintiff would be paid the cost of labor and materials, plus $8,000. Plaintiff was personally to supervise the construction of the building and to secure its completion in the most expeditious manner. The agreement also provided that certain work was to be performed by two subcontractors that were part of plaintiff's organization and the remainder to be let out on bid to other subcontractors. Construction of the building commenced in the spring of 1958 and continued through October of that year. Prior to the completion of the building, the parties attempted to straighten out the construction costs and make provisions for the payment of the sums due to plaintiff.

On November 17, 1958, plaintiff verified, and on November 20, 1958, recorded a mechanic's lien for $128,458.05, and on December 23, 1958, filed his complaint alleging that the identical amount was due pursuant to the written agreement of the parties. Defendants' answer denied the allegations of the complaint. Their counterclaim alleged that as a proximate result of plaintiff's failure to supervise the construction, the interior of the building and the contents thereof were damaged by the elements in the amount of $30,000 and sought attorneys' fees of $6,000. Their amended answer alleged two additional defenses by way of counterclaim: for plaintiff's

alleged misrepresentation that the building could be completed for a total labor cost of $.75 per square foot, or less, when, in fact, it was impossible to do so for less than $.90 per square foot, and that plaintiff had agreed that the labor costs would not exceed $14,000, and had falsely caused defendants to execute the last paragraph of the agreement relating to "extras" in order to circumvent the labor cost limitation. The first bill of particulars filed by plaintiff on April 6, 1959 showed itemizations totaling $141,516.53,[3] less credits of $60,285.11, leaving the claim at $81,231.42, of which $41,692.13 was due to him, and $39,539.29 was due other subcontractors and suppliers. About two months later, plaintiff filed an amended bill of particulars showing itemizations totaling $178,661.12 less credits of $105,148.75, thus further reducing the claim to $73,512.37, of which $40,382.58 was due to him and $33,129.79 to other subcontractors and materialmen.

On November 22, 1959, defendants placed on record in the action their position that they, and only they, were obligated to all subcontractors and materialmen other than plaintiff. On January 27, 1960, defendants filed and served an offer, pursuant to Code of Civil Procedure section 997, to allow plaintiff to take judgment against them in the sum of $20,000, plus plaintiff's recoverable costs up to and including the 28th day of January, 1960. The offer was not accepted.

At the time of the first trial, plaintiff reduced his demand to $54,226.43, of which $39,382.58 was alleged to be due to him personally, and the remainder to other subcontractors and suppliers. As discussed in detail in our prior opinion, one of the major issues at the first trial was whether or not paragraph 5(c) relating to a $14,000 limitation on the labor costs was a part of the agreement and the relationship of paragraph 5(c) to the provision relating to "extras." Inter alia, we held at page 671 that the contents of the written agreement, under the circumstances, was a question of fact to be determined by the jury. The errors in the instructions on this, as well as other vital matters, such as the liability of the parties to the materialmen and subcontractors, and the exclusion of evidence on defendants' counterclaim for faulty construction, were among the major grounds on the prior appeal for the reversal of the judgment of $28,500 in favor of plaintiff.

[3]The precise breakdown of these and other figures is discussed in footnotes 2-5 at pages 661 and 662 of the prior opinion.

At the second trial, following the decision of this court in 218 Cal.App.2d 657, plaintiff abandoned his demand to recover any sums due to subcontractors and materialmen other than himself and reduced his total claim to $39,382.58. On January 10, 1964, defendants filed a new and second offer, pursuant to Code of Civil Procedure section 997, for $10,000, including accrued necessary costs of suit. At the conclusion of the second trial, plaintiff obtained a verdict in the amount of $12,559.96, was allowed costs in the amount of $111.85, and was awarded attorneys' fees in the amount of $5,000, a total of $17,671.81. Defendants' costs as itemized in their memorandum, totaled $2,245.69, after plaintiff's refusal to accept their first offer of January 27, 1960, for a compromise of $20,000. Of the total, $1,071.09 preceded the decision in the prior appeal, and the remainder of $1,174.60 was incurred in connection with the second trial. On November 17, 1964, the court denied defendants' motions to tax plaintiff's costs and for attorneys' fees.

### I. DEFENDANTS' APPEAL

The major contention concerns the trial court's award of costs to plaintiff. Section 997 of the Code of Civil Procedure provides: ''The defendant may, at any time before the trial or judgment, serve upon the plaintiff and offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the clerk, or the judge where there is no clerk, must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer.''

Defendants contend that the trial court erred in treating their second offer of settlement for $10,000, made in January 1964, as an amendment that extinguished their first offer for $20,000, made in January 1960. They argue that when plaintiff refused to accept their first offer, they acquired a vested right to avoid paying plaintiff's costs in the event his verdict was less than the $20,000, and that the trial court's ruling is contrary to the statutory policy of encouraging and fostering settlements. The question is one of first impression.

. It is a cardinal rule of statutory construction that a statute should, if possible, be given an interpretation that will give

effect to the legislative intent and which is consistent with the real object and purpose of the statute. We agree that the Legislature enacted section 997 of the Code of Civil Procedure for the purpose of encouraging the settlement of litigation without trial (*Bennett* v. *Brown*, 212 Cal.App.2d 685, 688 [28 Cal.Rptr. 485]). But we cannot attribute to the Legislature an intention to give less than full effect to the parties' reappraisals of the merits of their respective positions where a case has been tried, appealed and reversed for retrial. Under such circumstances, an offer of compromise made before the second trial pursuant to section 997 should clearly supersede that made before the first trial. To deny the parties this flexibility would actually discourage settlements and defeat the very purpose of the act.

Furthermore, the theory of section 997 is that the process of settlement and compromise is a contractual one, and the applicable principles are those relating to contracts in general (11 Cal.Jur.2d, § 2, p. 3). The trial court's reasoning here is in accord with the general rules on offers—any new offer communicated prior to a valid acceptance of a previous offer, extinguishes and replaces the prior one (*Long* v. *Chronicle Publishing Co.*, 68 Cal.App. 171 [228 P. 873]).

We conclude that the trial court properly held that the second offer extinguished the first, and that since plaintiff's verdict of $12,000 was more favorable than the second compromise offer of $10,000, he was not required to pay defendants' costs pursuant to Code of Civil Procedure section 997.

Defendants next contend that the trial court erred in awarding attorneys' fees to plaintiff. Section 21 of the 1958 agreement of the parties provided: "Should either party hereto bring suit in court to enforce the terms hereof, it is agreed that the losing party shall pay to the successful party his costs and reasonable attorneys' fees."[4] Defendants contend that since plaintiff's original complaint was for $128,458.05, but was by the time of the second trial brought down to a figure of $39,382.58, and resulted in a judgment of only $12,559.96, they were "successful" pursuant to paragraph 21 and, therefore, entitled to attorneys' fees.

The controlling authority on this question in this state is *Moss Constr. Co.* v. *Wulffsohn*, 116 Cal.App.2d 203 [253 P.2d

---

[4]Where a contract provides for attorneys' fees, the fees are technically not regarded as part of the costs but as a special damage expressly authorized by the contract (*Cirimele* v. *Shinazy*, 124 Cal.App.2d 46, 52 [268 P.2d 210]).

483], which is on all fours with the instant case. In *Moss,* the plaintiff construction company sought to recover an amount due under its building contract with the defendants, foreclosure of its mechanic's lien, and attorney's fees. The defendants there, as here, denied the indebtedness and counterclaimed for damages for faulty construction and delay in completion of the building and also demanded attorney's fees. The pertinent provision of the building contract in issue was substantially identical[5] to paragraph 21 of the contract in the instant case, quoted above.

The trial court in *Moss,* after finding that plaintiff was entitled to recover on its complaint and defendants to an offset on their counterclaim, concluded that both parties were entitled to attorney's fees. In modifying the judgment to award attorney's fees only to the plaintiff, the appellate court said at page 205: "Under the pleadings and findings the award to plaintiff makes it the victor in the contest. Defendants denied owing any sum whatever to plaintiff and sought by way of counterclaim to recover certain damages. Hence, by all rules of logic when at the conclusion of the trial it was determined that plaintiff was entitled to $2,654.29 after allowing defendants a partial offset, it became necessarily the 'successful party' within the meaning of that term as used in the contract.

"Not only do logic and reason dictate such a conclusion, but analogous authority points to the same result. It is well established that generally there can be only one final judgment in an action and although a cross-complaint has been filed and matters therein stated are put to issue it is not such a pleading that requires, or permits the rendition of two separate judgments. (*Nicholson* v. *Henderson,* 25 Cal.2d 375, 381 [153 P.2d 945]; *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 118 [199 P.2d 668].) Hence, there could have been only one judgment entered herein and that was and is the net judgment rendered in favor of plaintiff. Where such is the case it has uniformly been held that the party awarded the *net* judgment is the prevailing litigant and thus the *successful party.* (*Dobbins* v. *Horsfall,* 58 Cal.App.2d 23, 27 [136 P.2d 35]; *Shelley* v. *Hart,* 112 Cal.App. 231, 243 [297 P. 82].) It follows that since defendants were neither 'successful' nor 'awarded judgment' the allowance to them of attorney's fees was

---

[5]". . . 'should either party hereto bring suit in court to enforce the terms hereof, any judgment awarded shall include court costs and reasonable attorney's fees to the successful party.' " (P. 204.)

erroneous and that counsel fees and costs should have been awarded to plaintiff pursuant to the terms of the contract.''

Defendants here argue that *Moss* is not applicable, but that we should follow *Gudel* v. *Ellis,* 200 Cal.App.2d 849 [19 Cal. Rptr. 751]. *Gudel* was an action to enjoin a trustee's sale of real property on grounds of fraud and conspiracy. The trial court refused to do so and awarded attorney's fees to the defendants, the holders of the trust deed. In rejecting the plaintiffs' claim on appeal that this award was improper, the appellate court said at pages 857 and 858: ''As we have already pointed out, the two basic claims made in the original complaint were: (1) that there was a conspiracy between Ellis and Wolff to deprive the plaintiffs of their rights; and (2) that there were claims made by the Ellises for various items of expense that they were not entitled to. These two elements were what the court dealt with in the final decision of the case, and although some of the claims were rejected or reduced in amount, the decision of the court was that the plaintiffs were not entitled to prevail on either of the main grounds urged by them in the suit.''

As the above quotation demonstrates, *Gudel* is entirely consistent with *Moss* in that the party recovering the net judgment is the successful party entitled to attorney's fees.[6] In the instant case, plaintiff sought a personal judgment for the amount due under the contract and enforcement of his mechanic's lien. Defendants denied liability under the contract and by way of counterclaim sought damages for his alleged fraud, delay and faulty construction. At the end of the second trial, plaintiff recovered on his cause of action; the fact that some of his claims were rejected or reduced in amount does not change the fact that he was the successful party. We hold that the trial court properly awarded attorneys' fees to him and denied them to defendants. Accordingly, the judgment against defendants must be affirmed, and we turn to plaintiff's cross-appeal.

## II. Plaintiff's Cross-Appeal

The only contention raised by plaintiff in his appeal from the order denying his motion for a new trial is that the trial court erred in denying his prejudgment interest, pursu-

---

[6]We also note that *Moss* has been repeatedly followed and approved (*Teichner* v. *Klassman,* 240 Cal.App.2d 514, 525 [49 Cal.Rptr. 742]; *Sill Properties, Inc.* v. *CMAG, Inc.,* 219 Cal.App.2d 42 [33 Cal.Rptr. 155]; *Munier* v. *Hawkins,* 190 Cal.App.2d 655, 664 [12 Cal.Rptr. 274]).

ant to Civil Code section 3287.[7] The allowance of interest as damages by way of compensation for wrongful detention of money due to plaintiff only occurs when the sum is liquidated or ascertainable within the meaning of section 3287. Under the statute, interest cannot be awarded prior to judgment when the amount of damages cannot be ascertained except on conflicting evidence (*Coughlin* v. *Blair*, 41 Cal.2d 587, 604 [262 P.2d 305]). The rationale of such rule is that where a defendant does not know the amount he owed and cannot ascertain it except by accord or judicial process, he cannot be in default for not paying it (*Chase* v. *National Indem. Co.*, 129 Cal.App.2d 853, 865 [278 P.2d 68]).

However, when the exact sum of indebtedness is known or can be ascertained readily, the reason for the denial of interest does not exist (*Conderback, Inc.* v. *Standard Oil Co.*, 239 Cal.App.2d 664, 690 [48 Cal.Rptr. 901]). If the amount owing can be calculated and determined from statements rendered by the plaintiff to the defendant and the statements are found to be true and correct, it is a matter of mere calculation within the statute (*Coleman Engineering Co.* v. *North American Aviation, Inc.*, 65 Cal.2d 396, 407-408 [55 Cal.Rptr. 1, 420 P.2d 713]).

Plaintiff argues that the agreed statement indicates that on October 8, 1958, he turned over to defendants all payroll receipts, invoices, and cancelled checks in his possession; that thereafter, the invoices and bills of the subcontractors were received by defendants and as there was no dispute as to the amount due, he is entitled to prejudgment interest. Relying on *Ansco Constr. Co.* v. *Ocean View Estates, Inc.*, 169 Cal. App.2d 235 [337 P.2d 146], he contends that the mere fact that there was a dispute as to the price agreed or the amount owed will not prevent the allowance of interest, where, as here, the debtor was supplied with the data necessary to determine the amount due. However, in that case, as well as *Anselmo* v. *Sebastiani*, 219 Cal. 292, 301-302 [26 P.2d 1], therein cited, the determinative issue was simply whether the data supplied was sufficient to establish the amount owed and the value of the work done.

In the instant case, among the major issues to be determined at the second trial were those related to the alleged

---

[7]The statute provides, so far as pertinent: "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

labor cost limitation and the counterclaim for faulty construction. Only after the factual determination of these questions by the jury could the trial court decide the other issues relating to the validity of plaintiff's claim for a mechanic's lien. Thus, the mere fact that the records or some of them were in the hands of defendants is of no significance, since the liability of the parties was in dispute and hinged on the determination of a number of complex factual and legal issues. Therefore, the amount due to plaintiff could not be determined until after the various questions were resolved at the second trial. Accordingly, we hold that the trial court properly concluded that defendants were not able to ascertain the exact amount due (*Conderback, Inc.* v. *Standard Oil Co., supra,* pp. 689-690) and correctly denied prejudgment interest to plaintiff.

The judgment in favor of plaintiff, including the award of his attorneys' fees, the order denying defendants' motion to tax costs, the order denying plaintiff's motion for a new trial, and the portion of the judgment denying plaintiff interest prior to the judgment, are all affirmed. Each party to bear own costs on appeal.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied July 24, 1968, and the petition of defendants and appellants for a hearing by the Supreme Court was denied August 21, 1968. Sullivan, J., did not participate therein.