[No. B147480. Second Dist., Div. Seven. Mar. 28, 2003.]

CINDRA L. PALMER, Plaintiff and Appellant, v.
SCHINDLER ELEVATOR CORPORATION et al., Defendants and
Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Background and parts 1 through 3 of Discussion.

**COUNSEL**

Mardirossian & Associates, Garo Mardirossian, Joseph M. Barrett; Law Offices of Charles B. O'Reilly and Charles B. O'Reilly for Plaintiff and Appellant.

Seyfarth Shaw, John D. Dwyer, Steven B. Katz, Todd C. Hunt and Richard E. Elder for Defendants and Appellants.

**OPINION**

**PERLUSS, P. J.**—Cindra L. Palmer suffered injuries when an elevator in which she was riding in a high-rise office building suddenly dropped several floors and came to an abrupt halt. She brought suit against the building owner, Equitable Real Estate and Investment Management, Inc. (Equitable), the building management company, Compass Management & Leasing, Inc.

(Compass), and the elevator company, Schindler Elevator Corporation (Schindler). After a lengthy trial the jury awarded Palmer $5.75 million in economic and noneconomic damages. The defendants have appealed, contending the jury verdict was inconsistent and the trial court made prejudicial evidentiary errors. Palmer has cross-appealed, contending the trial court erred in refusing to award her enhanced costs pursuant to Code of Civil Procedure section 998 and prejudgment interest pursuant to Civil Code section 3291. We affirm the judgment in all respects.[1]

## FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

1-3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4. *The Trial Court Did Not Err in Finding Palmer Is Not Entitled to Enhanced Fees and Costs Under Code of Civil Procedure Section 998*

In her cross-appeal Palmer contends the trial court erred in denying her motion for enhanced costs and prejudgment interest pursuant to Code of Civil Procedure section 998 and Civil Code section 3291. We find no error.

a. *Palmer's 998 Offers and Application for Enhanced Costs and Prejudgment Interest*

On June 29, 2000, Palmer served Schindler with an offer to allow judgment in the amount of $1,999,999.99 pursuant to Code of Civil Procedure section 998 (section 998). Schindler did not respond to the offer.

On July 18, 2000, Palmer served a section 998 offer on "defendants, jointly and severally" in the amount of $1,599,999.99. None of the defendants responded to the offer.

On September 29, 2000, the jury returned a verdict of $5.75 million in Palmer's favor and against Schindler, Compass and Equitable.

In posttrial motions Palmer took the position that, because the jury's verdict was greater than her July 2000 section 998 offer, she was entitled to

---

[1]Defendants' appeal is discussed in the unpublished portion of this opinion.
*See footnote, *ante*, page 154.

enhanced costs pursuant to section 998 and to prejudgment interest pursuant to Civil Code section 3291.[6] Defendants filed a motion to tax costs and an opposition to Palmer's motion for prejudgment interest, arguing Palmer's second section 998 offer revoked her first offer, and the second section 998 offer was ineffective because it was improperly directed to all defendants "jointly and severally."

The trial court agreed that the second offer was invalid and ordered further briefing on the issue whether the first offer was extinguished by the invalid second offer. After further briefing the trial court granted defendants' motion to tax costs, striking Palmer's expert witness fees and denying her motion for prejudgment interest.

   b.   *A Section 998 Offer Is Revoked by a Subsequent Section 998 Offer to the Same Party, Even if the Subsequent Offer Is Defective*

To be effective, an offer to multiple parties under section 998 must be explicitly apportioned among the parties to whom the offer is made so that each offeree may accept or reject the offer individually. (*Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 586 [11 Cal.Rptr.2d 820]; *Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 112 [30 Cal.Rptr.2d 486].) Because Palmer's second 998 offer was directed to all three defendants, jointly and severally, it was ineffective. (*Taing,* at p. 586 [reversing award of prejudgment interest and expert witness fees and holding "if a plaintiff elects to submit a Section 998 offer in cases involving multiple defendants, the offer to any defendant against whom the plaintiff seeks to extract penalties for nonacceptance must be sufficiently specific to permit that individual defendant to determine the exact amount plaintiff is seeking from him or her"].)

California law also provides that a prior settlement offer is extinguished by a subsequent settlement offer to the same party. (*Wilson v. Wal-Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 389-391 [85 Cal.Rptr.2d 4]; *Distefano v. Hall* (1968) 263 Cal.App.2d 380, 385 [69 Cal.Rptr. 691] [under predecessor to § 998, any new offer communicated prior to valid acceptance of a previous offer extinguished and replaced the previous offer]; see also *T.M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 281-283 [204

---

[6]Civil Code section 3291 provides in part: "If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and the interest shall accrue until the satisfaction of the judgment."

Cal.Rptr.2d 143, 682 P.2d 338] [under general contract principles, § 998 offer may be revoked prior to acceptance].) The trial court properly held that Palmer's July settlement offer to all three defendants, even though defective for purposes of section 998, extinguished her June settlement offer to Schindler.

On appeal Palmer argues the two offers were not made to the same defendants, and therefore the June offer to Schindler alone was not revoked by the July offer to all defendants. Palmer disingenuously insists Schindler could still have accepted the June offer and left the two remaining defendants to consider whether to accept the July offer (which was $400,000 *less* than the offer that would have been accepted). Obviously, once Schindler was in receipt of an offer to settle with *all* defendants for $1.6 million, there was no reason for it to consider, let alone accept, the previous offer for $2 million.

Palmer also argues a second section 998 offer that is "procedurally infirm" cannot extinguish a prior valid offer. She acknowledges *Wilson v. Wal-Mart Stores, Inc., supra,* 72 Cal.App.4th 382 held that, "if two offers were to the same defendant and within 30 days," then the second offer revokes the first, but argues *Wilson* is distinguishable because both offers in that case were valid. Palmer contends a second defective offer should not extinguish a valid initial offer because such a rule would undermine section 998's purpose of encouraging pretrial settlements. She proposes a "bright line rule in which the parties know that any judgment will be measured against a single valid statutory offer." We reject such a proposed rule because the validity of an offer will often be determined only in hindsight and would improperly place the consequences of an invalid, or arguably invalid, offer on the offeree, rather than on the offeror who caused the invalidity. Indeed, were we to adopt Palmer's analysis, a plaintiff could make multiple valid and invalid offers to single or multiple parties, then sit back and decide after the fact which offer is the most advantageous for purposes of enhanced costs and prejudgment interest.

Instead of the rule urged by Palmer, we adopt the bright-line rule urged by defendants and utilized by the trial court: A later offer under section 998 extinguishes any earlier offers, regardless of the validity of the offers. This rule best serves the statutory purpose of encouraging settlement of lawsuits prior to trial (*T.M. Cobb Co. v. Superior Court, supra,* 36 Cal.3d at p. 280) by providing offerees with clear direction as to what offers must be accepted on pain of enhanced fees and prejudgment interest. (See *Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 272 [276 Cal.Rptr. 321, 801 P.2d 1072] [purpose of § 998 is best served by "bright line rule . . . under which

a section 998 offer is not revoked by a counteroffer and may be accepted by the offeree during the statutory period unless the offer has been revoked"].) This rule is consistent with both general contract law (*Wilson v. Wal-Mart Stores, Inc., supra,* 72 Cal.App.4th at p. 390; Rest.2d Contracts, §§ 42, 43 ["An offeree's power of acceptance is terminated when the offeror takes definite action inconsistent with an intention to enter into the proposed contract and the offeree acquires reliable information to that effect"]) and with the purpose of section 998.

## DISPOSITION

The judgment is affirmed. Each party is to bear its or her own costs on appeal.

Johnson, J., and Woods, J., concurred.

A petition for a rehearing was denied April 28, 2003, and the opinion was modified to read as printed above. The petition of defendants and appellants for review by the Supreme Court was denied July 16, 2003. Brown, J., did not participate therein.